```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    KAREN I. MEYER (Cal. Bar No. 220554)
 4  ELIZABETH R. YANG (Cal. Bar No. 196461)
    Assistant United States Attorneys
 5  Violent and Organized Crime Section
         1500 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone: (213) 894-8559/1785
         Facsimile: (213) 894-3713
 8       E-mail:   Kim.Meyer@usdoj.gov
                   Elizabeth.Yang@usdoj.gov
 9
    Attorney for Plaintiff
10  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 05-920(A)-RSWL |
|---|---|
| Plaintiff, | ) |
| v. | ) <u>ORDER RE: RULINGS</u><br>) <u>ON DEFENDANT JORDAN'S MOTIONS</u> |
| LARRY JORDAN, | ) |
| Defendant. | ) |

On August 3, 2010, the Court held a hearing on defendant Larry Jordan's "Motion for Removal of Counsel" (CR 1621) and "Motion to Withdraw Guilty Plead [sic]" (CR 1622). Having considered the motions filed in this matter,[1] and based upon the record of the case as well as the arguments put forth at the hearing, the Court hereby ORDERS as follows:

///

///

---

[1] The Court deems the issues raised in the motions appropriate for decision without the need for briefing from the government.

1. **DEFENDANT JORDAN'S MOTION FOR REMOVAL OF COUNSEL (CR 1621)**

Defendant Jordan's motion for removal of counsel is DENIED.

THE COURT FINDS that defendant Jordan's claims of ineffective assistance of counsel are without merit. Most of defendant Jordan's claims, as set forth in his motion, have been previously brought to the attention of the Court and rejected by the Court as having no basis. For example, defendant Jordan claims that his counsel of record did not provide him with "a full copy of discovery." However, the Protective Order in effect in this case prohibited defense counsel from providing the defendants with physical possession of certain discovery materials and prevented defense counsel from providing unredacted copies of certain discovery materials to the defendants. As for defendant Jordan's claim that his counsel's hearing deficiency prevented defendant Jordan from receiving a fair trial, in its observations of defense counsel throughout pre-trial litigation and for the duration of the trial, the Court did not perceive that defense counsel's hearing deficiency had any adverse effect on his ability to follow the proceedings, consult with defendant Jordan, or effectively represent defendant Jordan. Finally, defense counsel correctly advised defendant Jordan that he faced a sentence of life imprisonment if convicted of all charges.

THE COURT THEREFORE FINDS that there is no basis for the removal of counsel of record for defendant Jordan.

///

2. **DEFENDANT JORDAN'S MOTION TO WITHDRAW GUILTY PLEAD [SIC] (CR 1622)**

Defendant Jordan's motion to withdraw guilty plea is DENIED.

A defendant has no right to withdraw a guilty plea. United States v. Ruiz, 257 F.3d 1030, 1032 (9th Cir. 2001). Rather, a defendant bears the burden of demonstrating a fair and just reason for withdrawal of a guilty plea pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008); see also United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003) (defendant's dissatisfaction with his likely sentence is not a fair and just reason to withdraw a plea); United States v. Turner, 898 F.2d 705, 713 (9th Cir. 1990) (a "change of heart" is not a sufficient reason to withdraw a guilty plea). THE COURT FINDS that defendant Jordan has failed carry this burden.

Defendant Jordan's claims of ineffective assistance of counsel, which are the sole basis on which he seeks to withdraw his guilty plea, are without merit. First, defense counsel could not provide defendant Jordan with "a full copy of discovery" due to the Protective Order in effect in this case which prohibited defense counsel from providing the defendants with physical possession of certain discovery materials and prevented defense counsel from providing unredacted copies of certain discovery materials to the defendants. Second, defense counsel did not "grossly mischaracteri[ze]" the potential sentence defendant Jordan faced if convicted of all charges at trial by advising defendant Jordan that "you will get life"; defense counsel in

fact correctly predicted the likely outcome of a conviction on Count Three.  See 18 U.S.C. §§ 924(c)(1)(A), (j)(1) ("if the killing is a murder . . . be punished by death or by imprisonment for an term of years or for life"); U.S.S.G. § 2A1.1 (advisory Guidelines range for a conviction for a violation of 18 U.S.C. §§ 924(c)(1)(A), (j)(1) is "life").  Third, as to defense counsel's failure to alert the Court of the alleged effect of defendant Jordan's pain medications on defendant Jordan's "competency to comprehend," during the Rule 11 plea colloquy, the Court specifically questioned defendant Jordan under oath about his medications and whether those medications were having any affect on his ability to understand the proceedings or his decision to plead guilty.  Defendant Jordan responded in the negative, and the Court subsequently found that defendant Jordan was fully competent and capable of entering an informed plea; that the plea of guilty was knowingly, voluntarily, and intelligently made with a full understanding of the nature of the charge and the consequences of the plea; and that the plea was supported by an independent factual basis containing each of the essential elements of the offense.

    THE COURT THEREFORE FINDS that defendant Jordan has failed to meet his burden of showing sufficient justification for withdrawal of his guilty plea.

    IT IS SO ORDERED.

DATED: August 13, 2010

*RONALD S.W. LEW*

HONORABLE RONALD S.W. LEW
SENIOR, U.S. DISTRICT COURT JUDGE